Dear Representative Flavin:
You requested an opinion from this office regarding the authority of the Louisiana Wildlife and Fisheries Commission to increase the fee for a nonresident charter fishing trip license, as provided at La. R.S. 56:302.1(C)(2)(c), from two dollars and fifty cents to fifteen dollars. You correctly pointed out that Article VII, Section 2.1 of the Louisiana Constitution requires the enactment of a law by a two-thirds vote of the elected members of each house of the legislature to impose any new fee or civil fine or to increase an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state.
The Louisiana Wildlife and Fisheries Commission is established by Article IX, Section 7 of the Louisiana Constitution, and it clearly falls within the broad scope of the phrase "any board, department, or agency of the state" as used in Article VII, Section 2.1. Its functions, duties and responsibilities are to be provided by law. La. Const. Art. IX, § 7(B). Therefore, the legislature was able to empower the Commission to impose a fee, by rule, for nonresident fishing licenses, which it did by Act No. 754 of 1993 (La. R.S. 56:6(28)), prior to the adoption of Article VII, Section 2.1 of the constitution.
We have previously concluded that, for the purposes of Article VII, Section 2.1, "charges which are assessed by a government entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees." Opinion No. 96-353. The proceeds from nonresident charter fishing trip licenses are dedicated to the Conservation Fund and expended for the purpose of supporting research, management, and administration of saltwater finfish by the saltwater finfish section of the seafood division. See, La. R.S. 56:301.7(A). Considering the statutorily mandated usage of the proceeds from the license fees, those fees seem to fall within the application of Article VII, Section 2.1 of the constitution.
Consequently, it is the opinion of this office that the Louisiana Wildlife and Fisheries Commission cannot increase the fee for nonresident charter fishing trip licenses, by rule or otherwise, without the enactment of a law authorizing it to do so, on the affirmative vote of two-thirds of the elected membership of each of the two houses of the legislature.
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra